FILED
2020 Jan-13  AM 09:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

JASON DEERMAN,

      **Plaintiff,**

**vs,**

                                   **CIVIL ACTION NO:**

**SMP AUTOMOTIVE SYSTEMS
ALABAMA, INC**                                   **JURY DEMANDED**

      **Defendant.**

---

## COMPLAINT

---

## INTRODUCTION

Plaintiff, by and through counsel, brings this action for legal and equitable relief to address Defendant's failure to pay overtime as required by the Fair Labor Standards Act ("FLSA") Plaintiff also brings this action for Defamation (Libel and Slander) for making false damaging statements. Plaintiff complains as follows:

## JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S. §§ 1331, 1337, and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. § 201, *et seq.*

1

2.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claim of Defamation under Alabama common law form part of the same case or controversy under Article III of the United States Constitution.

3.     Plaintiff's state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

4.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are subject to personal jurisdiction in Alabama.

## PARTIES

5.     Plaintiff JASON DEERMAN (hereinafter "Plaintiff" or "Deerman") is a resident of Daphne, Alabama, and is over the age of nineteen (19) years.

6.     Deerman was employed by SMP Automotive Systems Alabama Inc. from on or about May 22, 2018 to on or about July 23, 2019.

7.     Defendant SMP AUTOMOTIVE SYSTEMS ALABAMA INC. (hereinafter "Defendant" or "SMP") is, a corporation doing business in Alabama.

8.     SMP is an automotive part manufacturing factory located in Cottondale, Alabama.

9. Upon information and belief, SMP has annual sales in excess of $500,000.

10. SMP is an employer engaged in interstate commerce.

11. At all times relevant herein SMP was an enterprise covered by the FLSA.

## STATEMENT OF FACTS

12. Deerman worked for SMP as a Production Planner and later as a Senior Production Planer from approximately May 22, 2018 to July 23, 2019.

13. SMP hired Deerman on or about May 22, 2018.

14. SMP did not present or require Deerman to sign an employment contract when he was hired.

### Deerman Misclassified as Exempt

15. SMP paid Deerman a yearly salary, at a rate not less than $684 per week.

16. The principal job duties of the Production Planner was to ensure the timeliness of the product delivery and to coordinate workflow of the product.

17. The following tasks were included in Deerman's responsibilities and took up the majority of his work time:

   a. Organize workflow of the product;

   b. Maintain integrity of the line and the warehouse;

    c.  Operate machinery;

    d.  Drive and operate the forklift;

    e.  Package and move the product in the warehouse;

    f.  Input data into Excel worksheets and SAP (internal software);

    g.  Audit deliveries and validate inventory controls; and,

    h.  Create a list of supplies and submit to the ordering manager.

18.    Additional duties included:

    a.  Create work schedule for the temporary employees; and,

    b.  Design and implement packaging designs.

19.    Although Deerman had a number of job duties, as outlined above, those responsibilities did not require specialized skills and no capital investment.

20.    Deerman did not have any managerial responsibilities.

21.    Deerman did not have the authority to hire or fire other employees.

22.    Deerman did not have the authority to formulate policy or operating procedures.

23.    Deerman did not have the authority to negotiate on behalf of or bind SMP on significant matters.

24.    Deerman did not plan or control a budget.

25.     Deerman did not monitor or implement legal compliance measures.

26.     Deerman regularly worked more than eight (8) hours each day to assist with production and completion of daily tasks.

27.     Deerman was expected to be available by cell phone 24 hours a day and indeed frequently took calls during weekend and evening hours.

28.     In addition to the regular workweek, Deerman was often expected to work on weekends.

29.     Deerman regularly worked on the weekends in addition to the regular workweek.

30.     Deerman regularly worked on average over sixty (60) hours per week.

31.     During the relevant time period, SMP was aware that Deerman worked on average over sixty (60) hours per week.

32.     Deerman was not paid time and a half for hours worked in excess of forty (40) hours per week.

33.     SMP classified Deerman as an employee exempt from the FLSA's overtime provisions.

34.     SMP's classification of Deerman as exempt was a willful and deliberate misclassification of Deerman's status under the FLSA.

35.     Based on its willful misclassification of Deerman as exempt, SMP required Deerman to work hours well in excess of forty hours per workweek without paying him overtime as required by the FLSA.

36.     Due to SMP's misclassification of Deerman's status as an exempt employee, he was not compensated during the relevant period for overtime pay.

37.     On or about January 5, 2019, Defendant created a "Weekend Incentive" program in which Deerman was paid an hourly wage equal to his regular rate of pay. The Weekend Incentive pay did not meet FLSA requirements for overtime pay.

Deerman Worked Weekend of July 13, 2019

38.     Upon information and belief, SMP failed to maintain accurate and sufficient time records for Deerman.

39.     Ben Guillen was Deerman's direct supervisor.

40.     On or about July 11, 2019, Ben Guillen ("Guillen") asked Deerman to work the upcoming weekend: July 13 and July 14, 2019.

41.     Guillen is an employee, direct agent, or under the direct control of SMP.

42.     Deerman worked no less than sixteen (16) hours the weekend of July 13 and July 14, 2019.

43.     On or about Monday, July 15, 2019, Deerman submitted a "Salary Weekend Pay Form" timesheet to reflect hours worked from July 13 and July 14, 2019 to Tobias Baumann ("Baumann")

44.    Baumann is an employee, direct agent, or under the direct control of SMP.

45.    Baumann signed the timesheet on the "General Manager Approval" line.

46.    On or about July 23, 2019, Deerman was placed on administrative leave pending an investigation.

47.    On or about August 1, 2019, Deerman learned that his employment with SMP was terminated.

48.    Upon information and belief, SMP terminated Deerman on the erroneous basis that Deerman had not worked the weekend of July 13 and 14, 2019, and that his timesheet for that weekend had been falsified.

49.    Deerman was never compensated for the time he worked July 13 and 14, 2019.

50.    On or about October 15, 2019, Deerman received an offer of employment for the position of "Tool Shop Manager" at Airbus Americas, Inc. ("Airbus")

51.    Deerman's offer of employment was conditioned on a satisfactory background investigation.

52.    Airbus completed a background investigation using Justifacts Credential Verification, Inc. ("Justifacts").

53.   SMP reported to Justifacts that Deerman's separation from SMP was because of " a Termination Due to Time Violation."

54.   Upon receiving this information from Justifacts, Airbus rescinded the employment offer from Deerman.

55.   The offer of employment was rescinded because of SMP's reported reason for termination.

56.   As a result of SMP's actions, Deerman suffered a substantial loss in earning income.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT

57.   Plaintiff realleges and incorporates paragraphs 1-56 as if fully set forth herein.

58.   During the relevant time period, SMP was aware that Deerman worked on average well over sixty (60) hours per week.

59.   Deerman was misclassified as exempt under the FLSA.

60.   Deerman regularly worked in excess of forty hours in a workweek.

61.   SMP failed to pay Deerman one-and-one-half times his regular rate of pay for each hour worked over forty in a workweek.

62.     SMP's practices violated the provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. As a result of these unlawful practices, Deerman suffered a loss of wages.

63.     SMP showed reckless disregard for the fact that their failure to pay Deerman appropriate overtime compensation was in violation of the law.

64.     All conditions precedent to the filing of this suit have been satisfied.

## SECOND CAUSE OF ACTION

## DEFAMATION – INTENTIONAL SLANDER AND LIBEL PER SE

65.     Plaintiff realleges and incorporates paragraphs 1-64 as if fully set forth herein.

66.     On or about October 26, 2019, SMP said or printed the following false statement about Deerman: **"Termination Due to Time Violation"**

67.     This statement is defamatory *per se*.

68.     SMP published or caused the statement to be published on the Justifacts background report.

69.     The defamatory statement to Justifacts communicated to Airbus and all future employers that Deerman had been terminated for fraudulent time practices.

70.     SMP knew or should have known that the statement it made to Justifacts was false.

71.     SMP published this false and defamatory statement [to Justifacts] with actual malice or intent to harm Deerman and his job prospects.

72.     Alternatively, the false and defamatory statement to Justifacts was made with reckless disregard of the consequences of its false and defamatory statement.

73.     As a direct and proximate result of SMP's intentional and malicious publication of false and defamatory statement, Deerman has been and will continue to be damaged and injured in his character and reputation.

74.     As a direct and proximate result of SMP's intentional and malicious publication of false and defamatory statement, Deerman has been and will continue to be damaged in his profession and his business.

## THIRD CAUSE OF ACTION

### DEFAMATION – NEGLIGENT LIBEL & SLANDER

75.     Plaintiff realleges and incorporates paragraphs 1-74 as if fully set forth herein.

76.     On or about October 26, 2019, SMP said or printed the following false statement about Deerman: **"Termination Due to Time Violation"**

77.     This statement is defamatory *per se*.

78.     SMP published or caused the statement to be published on the Justifacts background report.

10

79.     The defamatory statement to Justifacts communicated to Airbus and all future employers that Deerman had been terminated for fraudulent time practices.

80.     SMP knew or should have known that the statement it made to Justifacts was false.

81.     Upon information and belief SMP communicated directly with Airbus about Deerman.

82.     Upon information and belief, in its direct communications with Airbus, SMP made defamatory statements to Airbus to the effect that Deerman had been terminated for fraudulent time practices.

83.     As a direct and proximate result of Defendant's false and defamatory statement to Airbus, Deerman has been and will continue to be damaged and injured in his character and reputation.

84.     As a direct and proximate result of Defendant's false and defamatory statement to Airbus, Deerman has been and will continue to be damaged in his profession and his business.


**WHEREFORE,** Plaintiff respectfully requests this Court:

A. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA;

B. Award of unpaid wages, as well as all overtime compensation, due under the FLSA;

C. Award of liquidated damages to Plaintiff as a result of SMP's willful failure to pay for all wages due as well as overtime compensation pursuant to the FLSA;

D. Award Plaintiff all compensatory damages including consequential and incidental damages as a result of Defendant's defamatory wrongdoing in an amount to be determined at Trial;

E. Order injunctive relief preventing SMP from making further defamatory statements about the course and termination of Plaintiff's employment.

F. Order equitable relief requiring Defendant to retract its false statements;

G. Award Plaintiff costs, expenses, and reasonable attorneys' fees, and,

H. Award such other and further relief which the Court deems necessary and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

*/s/ Kate Furek*
KATE FUREK ASB-7878-X69R
Attorney for Plaintiff Jason Deerman

**OF COUNSEL:**

**Kate Furek Law, LLC**
1924 7th Street
Tuscaloosa, AL 35401
Phone: (205) 293-5293
Email: kate.bhlg@gmail.com

## PLEASE SERVE THE FOLLOWING DEFENDANT
## BY CERTIFIED MAIL:

SMP AUTOMOTIVE SYSTEMS
ALABAMA, INC
1 North Jackson Street Ste 605
Montgomery, AL 36104


**PLAINTIFF'S ADDRESS:**
Mr. Jason Deerman
c/o Kate Furek
Kate Furek Law, LLC
1924 7th Street
Tuscaloosa, AL 35401